UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**In Re**

**SUBPOENAS OF QUALCOMM ATHEROS, INC.**

Case No.:  16cv1926-CAB (BLM)

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ORDER DENYING PLAINTIFF'S MOTION TO COMPEL QUALCOMM ATHEROS, INC.**

**[ECF No. 23]**

On September 28, 2016, the Court issued an Order Denying Plaintiff's Motion to Compel Out of District Subpoenas to Qualcomm Atheros, Inc. ("QCA").  ECF No. 22 ("Order").  The Court denied Plaintiff's motion to compel source code responsive to requests for production 2-7, denied without prejudice Plaintiff's motion to compel non-technical documents responsive to requests 9-19, and denied Plaintiff's request for reasonable attorneys' fees and costs.  Id. at 12, 14, 15. On October 25, 2016, Plaintiff filed a "Motion to Reconsider Order Denying Plaintiff's Motion to Compel Qualcomm Atheros, Inc." ECF Nos. 23, 28.  On November 8, 2016, QCA timely filed an opposition to Plaintiff's motion [ECF No. 33 ("Oppo.")], and on November 14, 2016, Plaintiff filed its reply [ECF No. 34 ("Reply")].  After considering the parties' pleadings, the Court **DENIES** the motion for the following reasons.

//

## Legal Standard

Pursuant to Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. Cal. Civ.L.R. 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." Id. Local Rule 7.1(i)(2) permits motions for reconsideration within "twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered."

## Analysis

Plaintiff asks the Court to reconsider its September 28, 2016 order denying its motion to compel the production of source code and technical documents responsive to three subpoenas served on QCA on January 8, 2016. ECF No. 23-1 ("Mot. For Reconsid.") at 4; see also Order at 12, 14. Plaintiff asserts that new evidence contradicts factual representations made by QCA in its briefing and relied on by the Court in its order. Mot. For Reconsid. at 4. Specifically, Plaintiff identifies the following new evidence or circumstances as warranting reconsideration: (1) new sources of documents have been located, (2) Plaintiff requested more than "hardware source code," and (3) QCA incorrectly impressed on the Court that source code was not modified or created after the Ikanos chips were "taped out." Id. at 7, 9, 10.

QCA replies that Plaintiff's motion for reconsideration is without merit, "is highly deceptive, appears to deliberately confuse the issues and suffers from multiple misstatements of fact and misinterpretations of the evidence and the Court's order." Oppo. at 5. QCA opposes each of Plaintiff's specific arguments for reconsideration. See id.

### A. QCA's Search for Responsive Information

Plaintiff's first argument is that the Court's denial of its motion to compel was premature because QCA continues to search for responsive source code and Plaintiff continues to attempt to contact ex-employees of Ikanos. Mot. For Reconsid. at 5. The Court finds this argument ironic since in its original motion, Plaintiff stressed the urgency of a timely ruling, stating that it "has impending deadlines in the underlying actions and it cannot wait any longer for [QCA's]

compliance." ECF 1-3 at 2.  It now appears that Plaintiff only wanted a timely ruling if the Court granted its motion.  Plaintiff's displeasure with the Court's order does not constitute a basis for reconsideration.

Plaintiff states that QCA represented in its sur-reply that it had "exhausted its search for source code and technical documents," that the Court "heavily relied" on this representation, and that QCA's representation is not true.  Mot. For Reconsid. at 7.  Plaintiff argues that QCA has not "exhausted its search for source code and technical documents" because QCA informed Plaintiff in an email sent on September 28, 2016 that it located a server, or servers, that contain information from back-up tapes that might permit QCA to locate DSL firmware.  Id.  In addition, QCA continues to search for firmware and source code on its current systems.  Id. at 7-8; ECF No. 23-2, Declaration of James P. Murphy, Esq. In Support of Plaintiff TQ Delta's Motion to Reconsider Order Denying Plaintiff's Motion to Compel Qualcomm Atheros, Inc. ("Murphy Decl."), Exh. 1 at 2-3, Exh. 2.  Finally, Plaintiff states that it currently is reviewing a disk containing an index consisting of more than 104,000 pages of data files found on old Ikanos servers.  Mot. For Reconsid. at 7 n.2.  As a result, Plaintiff contends that QCA's search was not complete and the Court erred in finding that it was complete.  Id. at 8.

Plaintiff also contends that QCA's search was not thorough.  Id.  Plaintiff explains that QCA "searched only for 'chip names' or internal chip 'code names' when looking for responsive documents," but that 'it is likely that responsive source code (and some technical documents) would not be located in a search that only uses the chip names (or internal code names as search terms)."  Id.  To support this argument, Plaintiff relies on information provided by QCA after this Court issued its order in which QCA explained that it appeared that Ikanos firmware was labeled with four-digit codes.  Id.  Plaintiff also states that it sent QCA search terms on October 14, 2016 which "may result in finding relevant, responsive firmware and other source code on Qualcomm's current systems."  Id.  Plaintiff argues that these two facts disprove QCA's representation that "it hasn't been able to locate any resources on which the source code might be found" and render the Court's ruling incorrect.  Id.

QCA disagrees with Plaintiff's alleged new facts and argues that the fact that QCA

3

continued to search for responsive information after the Court issued its ruling does not mean that the Court erred in finding that QCA conducted a reasonable and diligent search. Oppo. at 14-15. QCA states that it truthfully explained to Plaintiff that it has not yet found any repository that contains source code for the Ikanos chips at issue and that it continues to search old systems that might contain responsive information. Id. at 15. QCA claims that it never represented that it "exhausted" or "completed" its search for the source code at issue, but did explain that it "believes that it has fully complied with its investigatory and search obligations." Id. (internal citations and quotations omitted). QCA points out that the Court's order "explicitly acknowledged that QCA 'would still conduct a search [for computers or servers], keep . . . [Plaintiff] informed about the search, and . . . would produce the source code if QCA found it.'" Id. (quoting Order at 8).

QCA also contends that its indication to Plaintiff that firmware was labeled by Ikanos with four-digit codes is not newly discovered evidence warranting reconsideration. Id. at 16. QCA asserts that the September 28, 2016 e-mail explains "that the four-digit-codes refer to a particular *version* or *release* of source code for a given chip that would be necessary *in the event that source code is found*' and "does not say that a search for source code cannot be undertaken without the four-digit-code, nor does it say that the source code identification does not include the chip name." Id. (emphasis in original); see Murphy Decl., Exh. 1. In any event, QCA contends that the four-digit codes are irrelevant because QCA still has not located any repositories for source code for the chips at issue. Oppo. at 16, 19.

In its reply, Plaintiff contends the Court's conclusion that QCA had searched all databases QCA determined might contain source code is incorrect because "(1) [QCA] had not searched all repositories that may contain source code as it has recently acknowledged, and (2) documents show that Ikanos was utilizing the requested source code in 2010 and 2013." Reply at 4. Additionally, Plaintiff states that it first learned that QCA would search its active online systems for responsive source codes and that it found newly located servers in various parts of the world that may contain the code the day the Court issued its order on Plaintiff's motion to compel. Id. Plaintiff states that it would like to search these newly identified servers, but does

1    not have sufficient information to do so at this time. Id. at 5.  Plaintiff also states that QCA has
2    offered to allow Plaintiff to search over a thousand back-up tapes in QCA's possession, but that
3    Plaintiff cannot do so without assistance from someone with knowledge about the back-up tapes.
4    Id.

5        Contrary to Plaintiff's arguments, the Court did not conclude that QCA had conducted an
6    exhaustive and complete search.  Rather, the Court found that QCA had "made a reasonable
7    inquiry and exercised due diligence" as required by Rule 45 and applicable law in searching for
8    the requested source code and technical data.  Order at 11.  In its motion for reconsideration,
9    Plaintiff does not assert that the standard used by the Court was incorrect and does not argue
10    that the search was not reasonable or performed with due diligence.  Mot. for Reconsid.  Rather,
11    Plaintiff merely argues that the search was not "complete" or "thorough" because there *may* be
12    responsive documents or data in QCA's possession that *may* be found with additional
13    investigation.  This is insufficient to support a motion for reconsideration.  See Protrade Sports,
14    Inc. v. Nextrade Holdings, Inc., 2006 WL 708670, at *2 (N.D. Cal. Mar. 16, 2006) (party seeking
15    reconsideration must "set forth facts or law of a strongly convincing nature to induce the court
16    to reverse its prior decision").

17        The Court finds it interesting that Plaintiff asserts that "Qualcomm simply does not fully
18    cooperate unless forced to do so."  Reply at 2.  The evidence presented by both parties in the
19    current briefing shows that QCA continues to search for responsive data and continues to provide
20    information to Plaintiff regarding their search efforts and the requested data.  The fact that QCA
21    has continued to comply with its representation that it would continue to search for and produce
22    responsive information [see ECF No. 17, Exhs. 14-16 and 3 at 6; Order at 8] does not render
23    incorrect the Court's finding that QCA conducted a reasonable and diligent search.  The Court,
24    in detail, explained how QCA's declarations demonstrated that it made a reasonable inquiry and
25    exercised due diligence in searching for responsive information.  Id. at 11-12.  The fact that
26    QCA continued to search for responsive information does not make its prior search any less
27    reasonable or diligent, it merely shows that QCA is doing more than the law requires it to do for
28    Plaintiff's benefit.

B.   **Plaintiff's Request for Source Code**

Plaintiff's second alleged error involves the scope of Plaintiff's original discovery request. Mot for Reconsid. at 9. Plaintiff argues that QCA's filings contained misrepresentations that led the Court to believe that Plaintiff only was seeking "hardware source code." Id. Plaintiff explains that its subpoena requested all source code for the chips at issue, including "hardware design and implementation code . . . including without limitation Verilog, VHDL, and HDL," "firmware code," and "software." Id. at 10-11; ECF Nos. 1-9, 1-10, 1-11. Plaintiff concludes that reconsideration is required because the "Court relied on Qualcomm's incorrect representations about the types of code requested in [Plaintiff's] subpoenas." Mot. for Reconsid. at 12.

Plaintiff's argument is without merit. In its Order, the Court described the information requested by Plaintiff in the subpoena to include: "source code, including hardware language source code, firmware source code, and software source code, including any sample source code provided to Defendants (request numbers 5(a)-(e) and 6)[.]" Order at 4. Even if QCA made a misrepresentation (and the Court does not find that it did), any such misrepresentation did not affect the Court's decision. The Court did not limit its analysis of QCA's search and investigation for source code to only hardware source code. See id. Accordingly, Plaintiff's argument fails to meet the standard for reconsideration because the court did not make a mistake in determining the types of source code requested.

C.   **Finalization of Source Code**

Finally, Plaintiff contends that QCA incorrectly led the Court to believe that the source code requested "was 'finalized' by 2007, and not ever accessed afterwards." Id. at 12. Plaintiff explains that the taped-out GDSII code, which might have been finalized in 2007, is not the only source code Plaintiff is requesting. Id. at 13. Plaintiff asserts that QCA has produced documents that show that ▮▮▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮▮▮ Id., Murphy Decl., Exhs. 5, 6, 8. Plaintiff also asserts that Ikanos sold products utilizing the source code at issue as recently as 2013. Mot. For Reconsid. at 13. Plaintiff concludes that because QCA admits that source code for chips

designed and developed by Ikanos between 2010 and September 2015 are available on Ikanos' online system, QCA has access to the requested source code. Id.; ECF No. 17-2, Declaration of Nathan Wallace in Support of Qualcomm Atheros, Inc.'s Sur-Reply in Support of Response to Motion to Compel ("Wallace Decl."), at 2-3. Plaintiff asserts that the Court relied on QCA's incorrect representation that Plaintiff only sought hardware source code and that any requested source code was "finalized" in 2007, which warrants the Court to reconsider its Order. Mot. For Reconsid. at 14. In its reply, Plaintiff states that the Court's reliance on QCA's representation that the chip was taped out and finalized in 2007 was a clear mistake and that the source code sought by Plaintiff should be on QCA's active online systems. Reply at 7.

QCA states that in making this argument, Plaintiff relied on the following sentence in QCA's letter of September 17, 2016: "simply because a chip was sold by Ikanos in 2013 does not mean that it used *hardware source code* that recently. Rather, such code would have only been needed for the last tapeout of a chip's hardware . . . [which] occurred . . . in 2007." Oppo. at 17 (quoting Letter at 3) (emphasis added). QCA explains that this language only means that "'hardware source code' was not accessed after 2007 because no chips were developed after that date. This sentence says nothing about 'non-hardware' source code." Id. QCA further explains that the 2013 data sheets attached to Plaintiff's motion do not show that software source code was developed in 2013. Id. QCA explains that "[s]imply because a data sheet for (or any other reference to) a chip developed in 2007 exists in 2013 in no way shows that software source code for the chip was 'actively developed' in 2013." Id. Further, QCA states that these data sheets were produced to Plaintiff months before Plaintiff filed the motion to compel, evincing that this information is not newly discovered. Id. Similarly, QCA explains that the Ikanos license agreement attached to Plaintiff's motion does not discuss source code for the chips at issue or that Ikanos was developing the chips at issue in 2013. Id. at 17-18.

The Court finds Plaintiff's argument insufficient to warrant reconsideration of its order. Plaintiff has not established that QCA's statements were inaccurate or that Ikanos actively developed relevant source code in 2013. But, even if Plaintiff could prove such facts, it would not affect the Court's ruling as Plaintiff has not established that such data is in QCA's possession,

custody and control. As set forth in detail in the QCA's original filings, the Court's original Order, and QCA's current opposition, QCA conducted a reasonable and diligent search for the source code and did not find any responsive code. See ECF Nos. 17, 20; see also Order, Oppo. Plaintiff has not established how the alleged fact that Ikanos developed source code in 2013 would cast doubt on the Court's finding that QCA conducted a reasonable and diligent search and did not find any responsive source code. See Order at 7-12; see also supra at 2-6 (finding, on reconsideration, that QCA made a reasonable and diligent inquiry).

Plaintiff also asserts that the Court must grant their motion for reconsideration, in part, because it was not given the opportunity to counter QCA's allegedly incorrect statements in its "Additional Papers." Mot. For Reconsid. at 4. This is also incorrect. The Court's initial briefing schedule on Plaintiff's motion to compel ordered an opposition and a reply. ECF No. 7. After the parties' timely filings, the Court ordered QCA to file a sur-reply. ECF No. 16. Without seeking leave of the Court, Plaintiff filed a response to QCA's sur-reply. ECF no. 19. QCA then filed a motion for leave to file additional documents, which the Court granted. ECF Nos. 20, 21. Nothing was filed between QCA's "Additional Papers" on September 19, 2016 and the Court's order on September 28, 2016. See Docket. Specifically, Plaintiff did not oppose QCA's motion for leave to file the additional papers and did not file additional documents or a motion for leave to file additional documents in response to QCA's "Additional Papers." See id. The Court issued its order on Plaintiff's motion to compel one week after granting QCA's motion for leave to file the additional documents. See ECF Nos. 21, 22. Thus, Plaintiff had an entire week to either file additional documents or a motion for leave to file additional documents. Plaintiff's failure to do so is not grounds for reconsideration.

### D.     Meet and Confer Efforts

QCA argues that Plaintiff's motion is improper because Plaintiff and QCA did not meet and confer. Oppo. at 6. QCA explains that the Court's local rules require parties to meet and confer disputed issues before filing motions pursuant to Federal Rules of Civil Procedure 26 through 37. Id. at 6. QCA states that after the Court's order on Plaintiff's motion to compel and before the filing of the instant motion, QCA and Plaintiff communicated regularly. Id. at 5.

Plaintiff did not suggest or discuss the issues underlying the motion for reconsideration with QCA during any of the communications.  Id. at 6.  QCA contends that, had Plaintiff approached QCA about the underlying issues, QCA "could have explained how [Plaintiff] was misinterpreting the emails and the positions taken by QCA in the underlying motion, and that there are no other sources of information that are reasonably likely to contain source code."  Id.

Plaintiff replies that the parties met and conferred before the instant motion was filed.  Reply at 7.  Plaintiff's counsel called QCA's counsel on October 24, 2016 "and informed him of [Plaintiff's] intention to file the Motion to Reconsider" and explained why Plaintiff believed the motion was necessary.  Id.  Plaintiff further argues that there is no meet and confer requirement for a motion for reconsideration.  Id.

Regardless of whether the parties adequately met and conferred regarding the instant motion for reconsideration, the Court has decided it on the merits.  However, Plaintiff is reminded that discovery is handled in the first instance between counsel for the parties.  Plaintiff's counsel must talk directly with Defendant's counsel prior to filing any future motions.  In addition, in any future motions, Plaintiff must include a declaration from counsel detailing the efforts counsel made to resolve the dispute prior to contacting the Court.

## Conclusion

Plaintiff has not presented new or different facts and circumstances that establish that the Court's September 28, 2016 order was erroneous or based on incorrect information.  Accordingly, Plaintiff's motion to reconsider the Court's original ruling denying Plaintiff's motion to compel is **DENIED**.

**IT IS SO ORDERED.**

Dated:  12/2/2016

Hon. Barbara L. Major
United States Magistrate Judge